IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CATLIN SPECIALTY INSURANCE COMPANY, | § § § |
| *Plaintiff*, | § § |
| | §  Civil Action No.  SA-12-CV-711-XR |
| v. | § § |
| MONTELONGO INC., et al., | § § |
| *Defendants*. | § § |

**ORDER**

On this date the Court considered Plaintiff's motion for leave to serve Defendant Montelongo Inc. with process through the secretary of state (Doc. No. 22). For the following reasons, the Court GRANTS the motion.

**Background[1]**

On July 24, 2012, Plaintiff retained Pronto Process Inc. to serve Defendants with a copy of the summons and of the complaint in this case.[2] That same day, the Clerk of the Court issued summons as to Defendant Montelongo Inc. indicating an address of 3625 Paesanos Parkway.[3] Pronto Process Inc.'s service attempt at that address was unsuccessful.[4] Consequently, Pronto Process Inc. undertook an investigation to locate Montelongo Inc.'s President, Ricardo Montelongo. The investigation revealed a residence on Tweed Willow in San Antonio. Repeated efforts to serve Ricardo Montelongo at the Tweed Willow address were also unsuccessful.

---

[1] The following facts are alleged in Plaintiff's motion (Doc. No. 22).
[2] *See also* Ex. A ¶ 3, Aff. of Billy Wells. Billy Wells is the president of Pronto Process Inc.
[3] *See also* Doc. No. 3.
[4] *See also* Ex. A ¶ 4.

On October 3, 2012, the Clerk of the Court reissued summons as to Montelongo Inc., this time indicating an address of 8002 West Avenue.[5] The West Avenue address is also the address currently on file with the Texas Secretary of State as the address of Montelongo Inc.'s registered agent.[6] Pronto Process Inc. attempted to serve Montelongo Inc. at the West Avenue address but discovered that Montelongo Inc. did not have an office at that location. Instead, Pronto Process Inc. found that a medical office occupied that address.

Consequently, Plaintiff now moves the Court for leave to serve Defendant Montelongo through the Texas Secretary of State.

## Analysis

Pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), a corporation may be served by delivering a copy of the summons and of the complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Alternatively, process may also be served by following the service laws of the state where the district court is located. FED. R. CIV. P. 4(h)(1)(A), 4(e)(1). Since this Court sits in Texas, Texas law for service of process applies.

Texas law provides that, for the purpose of service of process, a domestic corporation's agents are the president and each vice president of the corporation. TEX. BUS. ORG. CODE § 5.255(1); *see also* TEX. R. CIV. P. 21, 21a. However, Texas law also provides that the secretary of state is an agent of a domestic corporation for purposes of service of process if "the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity." BUS. ORG. § 5.251(1).[7]

---

[5] *See also* Doc. No. 21.
[6] *See also* Ex. B., Texas Secretary of State's Filing Record as to Montelongo Inc.
[7] Section 5.251(1) refers to a "filing entity," and the definition of a filing entity includes a domestic corporation. *See* § 1.002(22).

"Reasonable diligence" has been defined by Texas courts of appeals. The courts have held that reasonable diligence does not require the process server "to attempt to find the registered agent at any other address than the address for the registered office." *BLS Dev., LLC v. Lopez*, 359 S.W.3d 824, 827 (Tex.App.-Eastland 2012, no pet.). Just one attempt at service on the registered agent at the registered agent's address may constitute reasonable diligence if further attempts at the address would be futile. *Id.* (holding that the process server's sole attempt at service at the registered agent's address constituted reasonable diligence because the property was vacant); *see also Liberty Label Co., Inc. v. Morgan Adhesives Co.*, No. 04-04-00279-CV, 2005 WL 1475332, at *1 & n.1 (Tex.App.-San Antonio June 22, 2005, no pet.) (mem. op.) (holding that a single attempt at service at the registered agent's address constituted reasonable diligence because the registered agent had moved away); *Ingram Indus., Inc., v. U.S. Bolt Mfg., Inc.*, 121 S.W.3d 31, 34 (Tex.App.-Houston [1st Dist.] 2003, no pet.) (holding that one attempt at service at the registered agent's address constituted reasonable diligence because the premises were no longer occupied by the registered agent or the corporation). Reasonable diligence does not require a plaintiff "to ascertain the names of and serve [a corporation's] officers or find [the registered agent's] new address and telephone number." *Liberty Label Co., Inc.*, 2005 WL 1475332, at *1. Rather, it is the "[corporation's] responsibility to notify the Secretary of State of a change to either its registered agent or his address." *Id.*

Here, Plaintiff has provided a copy of the Texas Secretary of State's filing records showing that Montelongo Inc.'s registered agent is Ricardo Montelongo and that his registered address is 8002 West Avenue Suite 1, San Antonio, TX 78213.[8] Plaintiff has also demonstrated that, on October 3, 2012, Plaintiff's process server attempted service upon

---

[8] *See* Ex. B.

Montelongo Inc. at the registered address and that service was unsuccessful because the address was occupied by a medical office rather than Montelongo Inc.[9] Because the registered address is occupied by an entirely different business, it is clear that any further service attempts at the address would be futile. Thus, the Court finds that Plaintiff has exercised reasonable diligence in attempting to find the registered agent of Montelongo Inc. and that Plaintiff's efforts have been unsuccessful. Accordingly, under Texas law, the Secretary of State is now an agent of Montelongo Inc. for the purpose of service of process.

## Conclusion

The Court finds that Plaintiff has exercised reasonable diligence in attempting to serve process upon Defendant Montelongo Inc. at the address of the corporation's registered agent on file with the Texas Secretary of State. Since Plaintiff's efforts have been unsuccessful, and since further service attempts at the address would be futile, the Court finds that service of process upon Montelongo Inc. through the Texas Secretary of State is now proper under Texas law, and thus permissible in this case under Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1).

Accordingly, Plaintiff's motion for leave to serve Defendant Montelongo Inc. through the Texas Secretary of State (Doc. No. 22) is GRANTED.

It is so ORDERED.

SIGNED this 18th day of October, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[9] *See* Ex. A ¶¶ 6-7.