UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CATLIN SPECIALTY INSURANCE COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>MONTELONGO, INC. d/b/a MONTELONGO HOMES & REMODELING, MARIA MONICA AYALA, FRANK KINGMAN, and CLEMENTE LOPEZ d/b/a CL STUCCO,<br><br>*Defendants.* | § § § § § § § § § § § § § § § Civil Action No. 5:12-CV-711-XR |

**ORDER**

On this day the Court considered Plaintiff's motion for default judgment (Doc. No. 32). For the following reasons, the Court denies the motion in part and finds that this case must be stayed pending the outcome of *Ewing Construction Co., Inc. v. Amerisure Insurance Co.* in the Texas Supreme Court.

**I. Background**

This insurance coverage declaratory judgment action, filed by Plaintiff, Catlin Specialty Insurance, Co., arises out of Plaintiff's coverage of Montelongo Homes and Remodeling ("MHR"). Plaintiff is seeking a declaratory judgment that Plaintiff has no duty to indemnify or defend MHR in MHR's underlying action. The underlying action was brought by Ayala and Kingman ("the homeowners") against MHR, alleging causes of action for breach of contract, breach of warranty, construction defects, DTPA violations, and negligence. The underlying action arose out of a contract

between the homeowners and MHR, in which MHR contracted to construct a home for the homeowners. The petition in the underlying action alleges that the exterior of the home, which is made of stucco over OSB sheathing and a vapor barrier, began cracking. Despite assurances by MHR that the stucco and exterior building were "performing properly," the cracks in the stucco appeared to be getting worse until it actually began falling off the home, leaving the vapor barrier and OSB sheathing exposed to the elements and allowing water to enter the home and cause additional damage. The petition further alleges that the problems in the home are "latent defects that are caused by defective construction of the home by [MHR] and its subcontractors." According to the homeowners, as a result of these defects, portions of the home became uninhabitable. In response to the homeowners' complaints that the stucco was falling off the home, MHR reported the homeowners' assertions to Plaintiff, who issued a first, and then a second, reservation of rights letter, requesting information from MHR. To date, MHR has failed to comply with these requests.

Catlin filed its Complaint for Declaratory Judgment on June 23, 2012, although MHR was not served with process until December 7, 2012. MHR failed to answer Plaintiff's complaint within twenty-one days of service of process, and accordingly, Plaintiff filed its Motion for Entry of Default on January 22, 2013 (Doc. No. 30). The Clerk of the Court entered default as to MHR that same day. Plaintiff filed this motion for Default Judgment seeking an order finding and declaring that Catlin Specialty is under no duty to defend or indemnify MHR in connection with any of the claims brought against MHR in the underlying action. The homeowners filed a response in opposition to Plaintiff's motion for default judgment (Doc. No. 36).

Catlin asserts that several exclusions in its policy with MHR apply to the allegations in the underlying action and that, therefore, it has no duty to defend or indemnify MHR in connection with

the underlying action.  Specifically, Catlin urges that the Contractual Liability Exclusion (CLE) and the Exterior Insulation and Finish System Exclusion (EIFS) bar coverage of the damages alleged by the homeowners.   The homeowners counter that the EIFS exclusion does not apply because the petition in the underlying action alleges other latent defects, aside from the exterior, which have led to the complained-of damage.  Further, the homeowners argue that, because the law in Texas regarding the Contractual Liability Exclusion is currently unsettled, the Plaintiff's motion for default judgment should be denied, or at least stayed until the issue is settled.

Regarding the EIFS exclusion, the Court finds that Plaintiff's motion for default judgment should be denied because the homeowners' pleadings in the underlying action do not unambiguously fall within the scope of the exclusion.  However, because the law in Texas is unsettled on the interpretation of the CLE, the Court finds that Plaintiff's motion for default judgment should be stayed pending a decision by the Texas Supreme Court in *Ewing Construction Co., Inc. v. Amerisure Insurance Co.*.

**II.     Analysis**

**a.     Exterior Insulation and Finish Systems Exclusion**

As Plaintiff recognizes, the duty to defend and the duty to indemnify are two separate and distinct duties under Texas law.  *See Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821–22 (Tex. 1997) ("[T]he duty to defend and the duty to indemnify by an insurer are distinct and separate duties.").  The duty to defend is determined solely by the pleadings, without regard to the truth or falsity of the allegations made.  *See Am. Physicians Ins. Exch. v. Garcia,* 876 S.W.2d 842, 848 (Tex.1994) ("If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured.").  In contrast, the duty to indemnify is not triggered until

3

the actual facts establishing liability are determined. *Trinity Universal*, 945 S.W.2d at 821. It could be that there is a duty to defend, yet later, upon a finding of no liability, for instance, no duty to indemnify. *Farmers Tex. Cnty. Mut. Ins. Co. v. Griffin*, 955 S.W.2d 81, 82 (Tex. 1997). Plaintiff correctly states that "the duty to indemnify is 'justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend *and the same reasons that negate the duty to defend likewise negate any possibility the insurer will even have a duty to indemnify.*'" *Id.* at 84 (emphasis in original). Further, "[a] court 'resolves all doubts regarding the duty to defend in favor of the duty and . . . construes the pleadings liberally.'" *Trinity Universal Ins. Co. v. Employers Mut. Cas. Co.*, 592 F.3d 687, 691 (5th Cir. 2010) (citing *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 490–91 (Tex. 2008)). "Where the complaint does not state facts sufficient to clearly bring the case within or without coverage, the general rule is that the insurer is obligated to defend if there is, potentially, a case under the complaint within the coverage policy." *Id.* at 691 (quoting *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965)).

Plaintiff argues that the "Exterior Insulation and Finish Systems Exclusion," which was made part of the Catlin Specialty Policy, bars coverage in the present case. The EIFS exclusion bars coverage for:

> 'bodily injury,' 'property damage,' or 'personal and advertising injury arising out of, caused by, or attributable to, whether in whole or in part, the following: [1.] The design, manufacture, construction, fabrication, preparation, distribution and sale, installation, application, maintenance or repair, including remodeling, service, correction or replacement, of any 'exterior insulation and finish system' or any part thereof, including the application or use of conditioners, primers, accessories, flashings, coatings, caulking or sealants in connection with such a system . . . .

Doc. No. 1 at 8.

In their underlying action, the homeowners allege damage to exterior walls as well as "latent

4

defects that are caused by defective construction of the home," and also allege that such latent defects "are causing extensive damage to the exterior, the interior components, and to the structural members of the home." Plaintiffs' Original Petition and Requests for Disclosure at 2, *Ayala v. Montelongo, Inc. d/b/a Montelongo Homes & Remodeling*, No. 2012-CI-01953 (407th Dist. Ct. filed July 23, 2012). Plaintiff Catlin urges that the court must not "'read facts into the pleadings,' 'look outside the pleadings,' or 'imagine factual scenarios which might trigger coverage.'" (Doc. No. 37 at 5) (quoting *Town Ctnr. Mall v. Zurich Am. Ins. Co.*, 797 F. Supp. 2d 786, 792 (S.D. Tex. 2011)). However, the homeowners allege, in their pleadings in the underlying action, other latent defects aside from the exterior walls that have led to the complained-of damage.

Moreover, the damage could be related to the installation of traditional stucco, which may not fall under the EIFS exclusion in the policy. *See Ins. Corp. of Hannover v. Skanska USA Bldg., Inc.*, No. B-05-304, 2008 WL 2704654 at *8 (S.D. Tex. July 3, 2008) (treating installation of "masonry, plaster, stucco *and* exterior insulation and finish system" as separate and distinct, and finding that "[s]ince the damage [to the exterior of the building] could be related to the installation of traditional stucco, masonry or plaster" there were "several potential claims *unrelated* to any work involving EIFS." (emphasis added)).

Plaintiff cites *Pine Oak Builders, Inc. v. Great American Lloyds Insurance Co.* as support for an interpretation excluding coverage. However, *Pine Oak* is distinguishable from the facts in the current case for several reasons. First, the suits in *Pine Oak* alleged "improper installation of a synthetic stucco product *known as an Exterior Insulation and Finish System*," clearly bringing the complaint within the EIFS exclusion. *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650 (Tex. 2009) (emphasis added). Second, as noted by the district court in *Hannover*, "[t]he

5

EIFS exclusion in *Pine Oak Builders* was far more broad than the EIFS exclusion in the CGL policy [in *Hannover*] . . . ." *Hannover*, 2008 WL 2704654 at * 7, n.5. In this case, the definition for an "exterior insulation and finish system" included in the Catlin Policy does not specifically mention stucco. (Doc. No. 1). Thus, the Court cannot declare that the homeowners' allegations in the underlying state court petition necessarily fall within the EIFS exclusion. Accordingly, the motion for default judgment on the issue of the EIFS exclusion is denied.

**b.       Contractual Liability Exclusion**

Plaintiff also asserts that the CLE is a bar to coverage. Plaintiff's Policy states that coverage does not apply to "'[b]odily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." (Doc. No. 1 at 7). Plaintiff argues that, under Texas law, the contractual liability exclusion bars coverage of the homeowners' claim. The Texas Insurance Code states that "any contract of insurance payable to any citizen or inhabitant" of Texas is considered to be governed by Texas laws. TEX. INS. CODE ANN. art. 21.42. Therefore, because MHR is a Texas corporation, Texas law governs in this case. However, the issue is currently unsettled law in Texas. In *Ewing Construction Co., Inc. v. Amerisure Insurance Co.*, the United States District Court for the Southern District of Texas concluded that "the contractual liability exclusion applies when an insured has entered into a contract and, by doing so, has assumed liability for its own performance under that contract." *Ewing Constr. Co., Inc. v. Amerisure Ins. Co.*, 814 F. Supp. 2d 739, 747 (S.D. Tex. 2011). The Fifth Circuit originally affirmed the Southern District's ruling. *Ewing Constr. Co., Inc. v. Amerisure Ins. Co.*, 684 F.3d 512 (5th Cir. 2012). On August 8, 2012, however, the Fifth Circuit withdrew its opinion in *Ewing* and certified the following questions relevant to this case to the Texas Supreme Court:

6

> (1) Does a general contractor that enters into a contract in which it agrees to perform its construction work in a good and workmanlike manner, without more specific provisions enlarging this obligation, "assume liability" for damages arising out of the contractor's defective work so as to trigger the Contractual Liability Exclusion.
>
> (2) If the answer to question one is "Yes" and the contractual liability exclusion is triggered, do the allegations in the underlying lawsuit alleging that the contractor violated its common law duty to perform the contract in a careful, workmanlike, and non-negligent manner fall within the exception to the contractual liability exclusion for "liability that would exist in the absence of contract."

*Ewing Constr. Co., Inc. v. Amerisure Ins. Co.*, 690 F.3d 628, 633 (5th Cir. 2012).

Because the Texas Supreme Court's decision in *Ewing* will clarify the issue of the contractual liability exclusion under Texas law, the Court's holding will determine whether Catlin Speciality Insurance Co. has a duty to defend or indemnify MHR in this case. Briefing before the Texas Supreme Court is complete and the Court held oral argument on February 27, 2013. Consequently, the issue of whether the CLE bars coverage in the case should be stayed pending the issuance of the *Ewing Construction Co., Inc.* opinion.

**III. Conclusion**

For the reasons stated above, the Court denies Plaintiff's motion for default judgment to the extent that it is seeking a declaration that the Exterior Insulation and Finish System exclusion applies. In regard to whether the Contractual Liability Exclusion applies, the Court finds that this case must be stayed pending the outcome of *Ewing Construction Co., Inc. v. Amerisure Insurance Co.* in the Texas Supreme Court.

Accordingly, the Court ORDERS that this case is hereby STAYED. The parties are directed to file an advisory with this Court when an opinion in *Ewing Construction Co.* is delivered by the Texas Supreme Court. The Clerk is DIRECTED to administratively close this case until further order of the Court.

It is so ORDERED.

SIGNED this 18th day of April, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE